MICHAEL PROC, Respondent, *v.* J. VINCENT HALL et al., Appellants, and THERESA H. PETROSKY, Intervenor-Appellant.

MICHAEL PROC, Appellant, *v.* J. VINCENT HALL et al., Respondents.

Third Department, November 4, 1960.

*Neils K. Pedersen* for J. Vincent Hall and another, appellants, and Theresa H. Petrosky, intervenor-appellant.

*Cohn & Daniels* (*Peter A. Daniels* of counsel), for Michael Proc, respondent and appellant.

GIBSON, J.   The defendants Hall appeal from a judgment entered against them for $4,114.76 in an action brought to compel the execution of a bond and mortgage.   The intervenor-defendant Petrosky appeals from an order entered in the same action which directed payment to plaintiff, on account of the judgment therein, of the sum of $4,317.50 from the amount deposited by her to the credit of said action to procure the cancellation of notices of pendency filed in said action and in the other action hereinafter referred to.   The plaintiff appeals from a judgment which dismissed the complaint in his action to set aside a conveyance of realty from defendants Hall to defendant Petrosky.   The first action will be referred to as "the mortgage action" and the second as "the deed action".   The actions were tried together.   In each the defendants Hall interposed the defense of usury.

In the mortgage action the court found that plaintiff had established his cause of action but that the relief sought could not be granted because defendants Hall had conveyed the realty concerned to the intervenor Petrosky, who is Mrs. Hall's mother. Accordingly, the court awarded a money judgment against defendants Hall, at the same time finding that the defense of usury had not been established.

Plaintiff's testimony as to the $400 difference between his $1,000 loan and the $1,400 for which a note was given, this being the transaction upon which the claim of usury is predicated, is unconvincing, upon the bare printed record at least. Asked as to his acceptance of a $1,400 note for a loan of $1,000, plaintiff said, " I asked Mr. Hall what it is for. He don't say much what it is for and he left." Plaintiff said that he did not know the reason until two or three days later when he saw one Solak, who had some part in arranging plaintiff's loans to defendants Hall, but he was not permitted to testify to his conversation. Solak was not called as a witness. Plaintiff denied that he asked for a bonus but admitted that Hall did not direct him to pay the extra $400 " to someone ", although on later redirect examination he said, " That [referring to the $400] is Mr. Solak's." Defendant Hall, however, testified in some detail as to an agreement with plaintiff for a bonus and as to conversations with plaintiff and with Solak regarding it.

The trial court, in its opinion applicable to both actions, said that defendants had not shown a usurious transaction " under these facts ". On the contrary, however, Hall's testimony, if credited, establishes his defense and while the trier of the facts might with justification disbelieve the testimony, that is not the purport of the court's statement and the formal findings in the mortgage action are silent as to the usury issue and those in the deed action are clearly erroneous in stating, " There is no evidence in the records to support defendant's [sic] defense of usury." The opinion, however, continues with the language, " it further appears from the record that whether or not the plaintiff demanded this ' bonus ', Mr. Solak and not the plaintiff actually received the $400.00." This seems clearly a *non sequitur*, as a usurious transaction or agreement between two persons would not necessarily become innocuous if the excess payment was, for some reason, " actually received " by a third. " It has been said and reiterated by the courts, from the time the schemes and contrivances of lenders became the subject of judicial examination, that there is no contrivance whatever by which a man can cover usury [citation omitted], and that no subterfuge shall be permitted to conceal it from the law [citation omitted] ". (*Knickerbocker Life Ins. Co.* v. *Nelson*, 78 N. Y. 137, 149.) Further, we fail to find support for the statement that the fact of Solak's receipt of the $400 appears from the record. Finally, this theory appears inconsistent with plaintiff's forgiveness of the debt, as evinced by his amendment upon the trial of the complaint so as to allege a $1,000 loan evidenced by the $1,400 note (rather than a $1,400 loan as originally alleged).

This would seem an unusual step if the $400 was actually paid to Mr. Solak as a proper and legitimate finder's fee, as plaintiff suggests but did not prove. From the quoted opinion and findings upon the issue of usury it is not possible to ascertain the basis of the determination. Under the circumstances, and recognizing that doubt has been cast upon the credibility of both witnesses concerned, which can, in this instance, be better appraised by the Trial Term, we direct a new trial in preference to making new findings here; and we therefore express no opinion as to the preponderance of the evidence.

In the deed action, there was warrant in the evidence for the finding that an antecedent debt constituted fair consideration for the transfer. There was no substantial evidence of any fraud or fraudulent intent on the part of any of the three persons concerned; and none from which such intent could be inferred on the part of defendant Petrosky and certainly none from which the court below was bound to presume or infer actionable intent on the part of the defendants Hall. There was no evidence that either of the grantors was rendered insolvent by the conveyance (Debtor and Creditor Law, § 273), the adjudication of bankruptcy of defendant J. Vincent Hall some 13 months later being too remote to have evidentiary effect.

It was error to direct payment of the judgment in the mortgage action from the fund deposited by intervenor Petrosky to procure cancellation of the notices of pendency in the two actions. There was no allegation in the mortgage action and no proof therein upon which Mrs. Petrosky could be held liable to plaintiff or whereby the property conveyed to her could be rendered subject to plaintiff's claim, even had the order permitting her to intervene been granted before the trial. Indeed, the denial of the specific relief prayed for and the award of money damages in lieu thereof were necessarily predicated upon that proposition; and in the deed action, to which she was at all times a party and in which she was charged with knowledge of and participation in the alleged fraud, the complaint was dismissed. The fund did not constitute security for the payment of any judgment which might be rendered in the actions. Such a deposit is authorized when "it shall appear to the court that adequate relief can be secured to the party filing [the notice of pendency] by a deposit of money". (Civ. Prac. Act, § 124.) Obviously, "adequate relief" is accomplished when the fund is substituted for the property and clearly no greater remedy is contemplated by the statute. The order fixed the amount of the undertaking to be filed "for the cancellation of the notices of pendency and in substitution therefor" and provided that

the deposit be "conditioned" for the payment of any judgment awarded against Mrs. Petrosky "or the owner or owners of the premises described in the notices of pendency". Since plaintiff failed to establish any right in the property, which Mrs. Petrosky legitimately obtained, certainly he has no claim upon the fund deposited in substitution therefor. Of course, no judgment has been awarded against Mrs. Petrosky and the defendants Hall are not, and at the time of the commencement of the actions were not, the "owners" of the premises, and their transfer thereof having been found free from fraud, equity does not require a broad or beneficial interpretation of the term nor suggest a holding of constructive ownership.

The judgment in the mortgage action should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. The order for payment of deposit should be reversed and the motion denied, with $10 costs. The judgment in the deed action should be affirmed, without costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Judgment in Action No. 1 reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

Order in Action No. 1 for payment of deposit reversed and motion denied, with $10 costs.

Judgment in Action No. 2 affirmed, without costs.